1  JOSEPH P. RUSSONIELLO (SBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  ANDREW Y.S. CHENG (CSBN 164613)
   Assistant United States Attorney
4  MELISSA K. BROWN (CSBN 203307)
   Assistant United States Attorney

5

6     450 Golden Gate Avenue, 9th Floor
      San Francisco, California 94102-3495
7     Telephone:    (415) 436-6813
      Facsimile:    (415) 436-6748
8     Email:        andrew.cheng@usdoj.gov

9  Attorneys for Federal Defendant

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                   OAKLAND DIVISION

13  ROBERT L. NALDUCCI,            )   Case No. C06-7702 SBA
                                   )   **E-FILING CASE**
14                  Plaintiff,     )
                                   )
15         v.                      )   **STIPULATION REGARDING**
                                   )   **SETTLEMENT AND GENERAL**
                                   )   **RELEASE AND  ORDER**
16  PETE GEREN, Secretary of the Army;  )
                                   )
17                  Defendant.     )
                                   )
18                                 )
                                   )
19  _____)

20       This Stipulation Regarding Settlement and General Release ("Agreement"), is entered

21  into by and between Robert L. Nalducci ("Plaintiff") and the Pete Geren, Secretary of the Army

22  ("Defendant"), collectively referred to as the "Parties."

23       WHEREAS Plaintiff and Defendant wish to avoid any further litigation and controversy

24  and to settle and compromise fully any and all claims and issues that have been raised, or could

25  have been raised, arising out of Plaintiff's employment with Defendant, which have transpired

26  prior to the execution of this Agreement, and

27       WHEREAS Plaintiff has filed an action in the United States District Court, Northern

28  District of California, Docket No. C 06-7702 SBA entitled, *Robert Nalducci v. Pete Geren,*

*Secretary of the Army*;

WHEREAS this settlement agreement between the Plaintiff and the Defendant, specifically covers the waiver of any Age Discrimination in Employment Act (ADEA) 29 U.S.C. 623, *et seq*., claims raised by Mr. Nalducci in his Complaint filed in United States District Court for the Northern District of California under civil action number C-06-7702 SBA.  Mr. Nalducci is waiving any and all ADEA claims that are raised in his complaint or that may arise from the incidents alleged in his complaint.  Mr. Nalducci agrees to waive his ADEA rights and claims that occurred in his employment relationship with the Army up to the date this waiver is executed, but not the waiver of claims that might arise in the future.  29 U.S.C. § 626(f)(1)(C). Mr. Nalducci is waiving his ADEA claims in exchange for the valuable consideration outlined below, to which he is not otherwise entitled, per the ADEA.  29 U.S.C. § 626(f)(1)(D).

WHEREAS Mr. Nalducci is advised to consult with his attorney prior to executing this settlement agreement.  Mr. Nalducci is granted a period of twenty-one calendar (21) days to consider this settlement agreement before signing it.  29 U.S.C. § 626(f)(1)(F)(i).  Should the parties execute  the instant settlement agreement, either party may revoke this agreement within seven (7) calendar days following the execution of this settlement agreement.  Any such revocation shall be in writing and shall be provided promptly to the other party and/or the other party's attorney.  The agreement shall become effective seven days after its execution by all of the signatories below.  29 U.S.C. § 626 (f)(1)(G).

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, and to avoid unnecessary litigation, the Parties agree as follows:

1.       After full and open discussion, the Parties hereby release and forever discharge the other, their past and present respective officers, agents, and employees, from any and all claims, demands, suits, rights, damages, union grievances, charges, administrative remedies (including but not limited to Merit System Protection Board or Equal Employment Opportunity Commission filings), and causes of action of any and every kind, nature, and character, known and unknown, which the Parties may now have or has ever had against the other, or any of their

officers, agents, and employees, which arose in whole or in part from Plaintiff's employment relationship with the Defendant, and which are based upon incidents, occurrences, or actions taking place prior to the execution of this Agreement ("Claims").

2.       This Agreement shall not in any way be construed as an admission by either party that it has acted wrongfully with respect to the other, that there was any liability or wrongdoing on the part of either party and the Parties specifically disclaim any liability to or wrongful acts against the other on the part of their officers, agents or employees. Nothing herein is intended to be construed as an adjudication of the merits of any factual or legal issue in this lawsuit or in any administrative proceeding.  Further, nothing in this Agreement shall constitute an admission of liability or fault on the part of the Plaintiff or the Defendant or any of their past or present officials, agents, attorneys, or employees or any of their successors or assigns.  Rather, this Agreement is entered into by the Parties for the purpose of compromising disputed Claims and avoiding the expenses and risks of litigation.  The Parties agree that the terms of this Agreement are binding only on the Parties themselves and are based on specific circumstances related to this matter alone.  The Parties further agree that this Agreement will not be regarded as a precedent, and may not be used, cited, or compared by any person, except Plaintiff and the Defendant, for any purposes, against the Plaintiff or the Defendant or their past or present officials, agents, employees, attorneys, or any of their successors or assigns.

3.       The Defendant agrees to pay the sum of Eighty Thousand dollars and no cents ($80,000.00) to Plaintiff, the Law Offices of Daniel Bartley, and the Law Offices of James D. Rush jointly under the terms and conditions set forth herein.  The Defendant will complete an electronic funds transfer of the sum of Eighty Thousand dollars and no cents ($80,000) to Chase Bank Account number 4414147565, Routing number: 322271627, which Defendant is informed is the client trust account for James Rush, Esq.  The sum of Eighty Thousand dollars and no cents ($80,000.00) reflects the entire monetary amount due Plaintiff his heirs, executors, administrators, assigns, and attorneys from the Defendant, and the Parties further agree that Plaintiff and Defendant shall each bear their own costs, fees, interest and expenses and that any attorney's fees or costs owed by Plaintiff will be paid out of the settlement amount of $80,000

and not in addition thereto.  The Defendant shall make best efforts to issue the settlement check within 90 days of full execution of this agreement.

4.      The Parties expressly acknowledge that this Agreement is intended to effect, without limitation, a full and final release of all Claims, known or unknown, undisclosed or unanticipated, which may have arisen, or may arise from Plaintiff's employment relationship with the Defendant prior to the date of this Agreement. The Plaintiff acknowledges that different or additional facts may be discovered in addition to what he knows or believes to be true with respect to the Claims released, and that he agrees that this Agreement will remain in effect in all aspects as a full and final release of the Claims, notwithstanding different or additional facts.

5.      Plaintiff specifically agrees, as additional consideration for this Agreement, to waive the provisions of California Civil Code Section 1542 set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law.  The Plaintiff understands that if the facts concerning the Plaintiff's injury and the liability of the Defendant, or its directors, officers, agents, servants, or employees, attorneys or any of their successors or assigns for damages pertaining thereto or found hereafter to be other than or different from the facts now believed by him to be true, this Agreement shall be and remain effective notwithstanding such material difference.

6.      Plaintiff represents that he is the sole possessor of the Claims being released and that he has not assigned or otherwise transferred any Claims.  Further, Plaintiff understands and agrees that this Agreement shall bind and be binding upon his heirs, personal representatives, spouse, executors, administrators and assigns, and shall inure to the benefit of their agents, employees, servants, and successors.

7.      Plaintiff agrees that at no time subsequent to the date of this Agreement will he

1    commence, maintain, or prosecute any action, at law or otherwise, or assert any Claim against

2    the Defendant released, and/or execute or enforce any judgment against the Defendant released,

3    for damages, losses or for equitable relief related to the Claims released.

4         8.    Plaintiff specifically acknowledges, agrees, and understands that, by signing this

5    Agreement he is waiving any Claims (as defined above) for back pay, front pay, attorneys fees,

6    costs, interest, pain and suffering, lost benefits and promotional opportunities, emotional distress

7    and all other pecuniary and non-pecuniary compensatory damages or other relief that have been

8    or could have been claimed in any proceeding alleging employment discrimination by the

9    Defendant.

10        9.    This Agreement shall be interpreted in accordance with the plain meaning of its

11   terms and not strictly for or against any of the Parties.

12        10.   The Parties agree that should any provision of this Agreement be declared or

13   determined by any court to be illegal, invalid or unenforceable, the remainder of the Agreement

14   shall nonetheless remain binding and in effect.

15        11.   This Agreement constitutes the full and complete agreement between the Parties

16   and fully supersedes any and all prior agreements or understandings between the Parties

17   pertaining to the subject matter of this Agreement.  There are no oral side agreements or

18   understandings.  No other promises or agreements shall be binding unless signed by the Parties.

19   Further, this instrument shall constitute the entire agreement between the Parties, and it is

20   expressly understood and agreed that this Agreement has been freely and voluntarily entered into

21   by the Parties hereto with the advice of counsel, who have explained the legal effect of this

22   Agreement.  The Parties further acknowledge that no warranties or representations have been

23   made on any subject other than as set forth in this Agreement.

24        12.   This Agreement may be pled as a full and complete defense to any action or other

25   proceeding, including any local, state or federal administrative action, involving any person or

26   party that arises out of the claims released and discharged by this Agreement.

27        13.   If any withholding or income tax liability is imposed upon Plaintiff based on

28   payment of the settlement sum as set forth herein, Plaintiff shall be solely responsible for paying

any such liability. Plaintiff, and his attorneys, will indemnify and hold harmless the Defendant from any liability the Defendant may incur from any government agency arising out of any failure by Plaintiff to pay any tax liability he might be responsible for from any government agency.

14.     The Parties hereby agree to indemnify and hold the other harmless from and against any and all loss, cost, damage or expense including, without limitation, attorneys' fees, incurred by or arising out of any such action, suit or other proceeding prosecuted or attempted by the Parties in breach of this Agreement.

15.     Plaintiff represents and agrees that he is of legal age and mentally competent to execute this Agreement and fully understands his right to discuss this Agreement with his attorney; that to the extent, he has availed himself of this opportunity; that he has carefully read and fully understands all the provisions of this Agreement; and that he is voluntarily entering into this Agreement with full understanding of its legal consequences and without any duress or pressures.

16.     Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Agreement and that they have had the contents of this Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the Agreement and the legal consequences thereof. It is further acknowledged that the Parties have mutually participated in the drafting of this Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Agreement.

17.     Under the Older Workers Benefit Protection Act, Plaintiff acknowledges that he has up to twenty-one (21) calendar days from the date he receives this Agreement to review and consider this Agreement, discuss it with an attorney of his own choosing, and decide to sign it or not sign it, although he may accept and return it to Defendant's counsel at any time within those twenty-one (21) days. Plaintiff is advised to consult his attorney about the Agreement.

18.     Once Plaintiff signs and dates this Agreement, he will have seven (7) days from the date he signs the Agreement in which to revoke his acceptance. To revoke, Plaintiff must

send a written statement of revocation, which should be mailed <u>and</u> faxed to:

> Kathleen M. Sato
> Assistant District Counsel
> Office of Counsel
> U.S. Army Corps of Engineers, San Francisco District
> 1455 Market St., Ste. 1665,
> San Francisco, CA 94103
> (415) 503-6686 (fax)

Plaintiff understands that if he revokes, this Agreement shall have no effect.  If Plaintiff does not revoke, this Agreement will become effective on the eighth (8th) day ("the Effective Date") after the date Plaintiff signs and dates this Agreement.

19.     This Agreement may not be altered, modified, or otherwise changed in any respect except in writing, duly executed by all of the Parties or their authorized representatives.

20.     The Parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.  The Parties also agree to consent to a magistrate judge to resolve any dispute alleging breach of this agreement.

21.  This Agreement may be signed in counterparts.

SO AGREED.                         Respectfully submitted,

> JOSEPH P. RUSSONIELLO
> United States Attorney

> S/ Melissa Brown (signature on file)

Dated: June 19, 2009
> _____
> ANDREW Y.S. CHENG
> MELISSA K. BROWN
> Assistant United States Attorneys

> S/ Robert Nalducci (signature on file)

Dated: June 17, 2009
> _____
> ROBERT NALDUCCI, Plaintiff

> S/ Daniel Bartley (signature on file)

Dated: June 17, 2009
> _____
> DANIEL BARTLEY,
> Attorneys for Plaintiff

> S/ James Rush (signature on file)

Dated: June 17, 2009
> _____
> JAMES RUSH
> Attorneys for Plaintiff

1

## **ORDER**

2

3       Pursuant to the Parties' Stipulation Regarding Settlement And General Release, IT IS SO

4  ORDERED.

5

6

Dated:7/6/09

7

8  SAUNDRA BROWN ARMSTRONG
   United States District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28